**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-10149
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

AVEL RICO LOPEZ, also known as Camacho,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(3:97-CR-151-2-G)

May 21, 1999

Before WISDOM[*], JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[**]

A jury convicted Avel Rico Lopez of conspiracy to possess with the intent to distribute

and to distribute heroin and of aiding and abetting these same offenses. The district court

sentenced Lopez to 87 months of imprisonment and four months of supervised release. The

district court also imposed a $500 mandatory special assessment. Lopez timely filed this appeal,

in which he argues that (1) the evidence was insufficient to support his conviction on Count Six of

the indictment which charged Lopez with aiding and abetting the possession with the intent to

distribute heroin; and (2) the prosecutor made improper remarks during her closing argument

---

[*] Judge John Minor Wisdom authored this opinion prior to his death on May 15, 1999.

[**] In accordance with 5TH CIR. R. 47.5, the Court has determined that this opinion should not
be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which had a cumulative effect that was so prejudicial as to warrant a new trial. Neither of Lopez's contentions has merit. We affirm.

Lopez's challenge to the sufficiency of the evidence to support his conviction on Count Six of the indictment is unavailing. Specifically, Count Six of the indictment charged that:

> On or about April 21, 1997, in the Dallas Division of the Northern District of Texas, . . . Avel Lopez [and the other co-defendants] . . . *aided and abetted by each other*, and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute approximately 175 grams of a mixture and substance containing heroin, a schedule I controlled substance.[3]

Lopez's instant challenge to the sufficiency of the evidence is addressed exclusively to the absence of proof that he knowingly possessed the heroin at issue. Lopez fails to challenge the fact that he was convicted of aiding and abetting the possession of heroin with the intent to distribute. The jury was instructed on the theory of aiding and abetting and was specifically admonished that this theory applied to the offense charged in Count Six of the indictment. Consequently, the Government was not required to prove that Lopez possessed the heroin, constructively or otherwise. Instead, the Government merely had to establish that Lopez purposefully participated in the heroin-trafficking scheme and sought by his actions to make the venture succeed.[4] Because Lopez does not offer any argument contesting the sufficiency of the evidence supporting a theory of aiding and abetting, he has abandoned any challenge to this conviction on appeal.[5]

Lopez's assignment of error regarding improper remarks made by the prosecutor during her closing rebuttal argument is also unavailing. Lopez contends that the prosecutor referred to facts outside of the record and sought to inflame the jurors' passions regarding the societal effects of illegal drugs. Regarding the allegedly improper comments to which Lopez did not object, even

---

[3]     R. 1, 9 (emphasis added).

[4]     *See United States v. Gonzales*, 121 F.3d 928, 936 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 726 (1998).

[5]     *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (arguments not briefed on appeal are deemed abandoned). *See also Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (attorney-prepared pleadings are not accorded liberal construction).

assuming that some of the prosecutor's remarks were unsupported by the record or were inflammatory, Lopez has failed to show that the district court plainly erred in permitting them.[6] Similarly, with regard to the prosecutor's comments to which Lopez did offer an objection, even if Lopez has shown some of these remarks to be inflammatory, he has not demonstrated that they prejudicially affected his substantial rights.[7]

AFFIRMED.

---

[6] *See United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc); *United States v. Andrews*, 22 F.3d 1328, 1341 (5th Cir. 1994). We may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. *Calverley*, 37 F.3d at 162-64.

[7] *See United States v. Munoz*, 150 F.3d 401, 415 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 887 (1999).