United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-51141
Summary Calendar

———————————————

BRYAN ANDERSON,

Plaintiff-Appellant,

versus

SOUTHWEST TEXAS STATE UNIVERSITY; BOARD OF REGENTS OF
THE TEXAS STATE UNIVERSITY SYSTEM; JEROME H. SUPPLE,
Doctor, in his individual and official capacity; JAMES
STUDER, Doctor, in his individual and official capacity;
DEAN GARRISON, Doctor, in his individual and official
capacity; VINCENT MORTON, Doctor, in his individual
and official capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-981
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Bryan Anderson sued the defendant-appellees under section
1983 after he was suspended for two semesters from Southwest
Texas State University (the University). Anderson was suspended
because he deliberately lit a marijuana cigarette at an on-campus
rally being held to protest the University's drug policy. In

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

this appeal, Anderson challenges the district court's summary-judgment dismissal of his section 1983 complaint. Anderson argues that: (1) there is a genuine issue of material fact regarding whether the University has a "zero tolerance" drug policy, and (2) his equal protection and due process rights were violated by the University's "zero tolerance" drug policy. After reviewing the record, the Court does not find a genuine issue of material fact that precludes summary judgment. See FED. R. CIV. P. 56(e).

Although Anderson argues that summary judgment was improper because there is a genuine issue of material fact concerning whether the University has a "zero tolerance" drug policy mandating dismissal if a student violates the policy, the summary judgment evidence does not indicate the University has a "zero tolerance" drug policy. The alleged policy serves as the basis of Anderson equal protection claim. Anderson maintains students who violate the University's drug policy are denied the full range of disciplinary sanctions, from probation to dismissal, that are available in other types of cases. To establish a question of fact about the "zero tolerance" policy, Anderson relies on section 2.02(n) of the University's Code of Student Conduct (the Code), which provides that "[s]tudents found guilty of possession, use or distribution of illegal drugs will be dismissed from the university," and the affidavits provided by university officials, which state that students who violate the

drug policy may present evidence in mitigation and possibly have their sentences probated. Although Anderson maintains this evidence creates a fact question, no conflict exists between the Code and the affidavits of University officials although section 2.02(n) of the Code is somewhat internally inconsistent.

The first paragraph of section 2.02(n) provides that any student who violates the drug policy "shall be suspended for a period of not less than the following long two semesters." The following paragraph states that students who violate the University's drug policy "will be dismissed from the university." Thus, section 2.02(n) provides for either suspension or dismissal in the event of a violation of the University's drug policy. Anderson, however, does not mention this inconsistency—most likely because it would undermine his argument that a "zero tolerance" policy exists. Anderson's argument regarding a "zero tolerance" policy is further belied by the fact that he was sentenced to the minimum suspension provided for in the first paragraph of section 2.02(n).

The penalty provisions of section 2.02(n), however, are not automatic. Under the Code, students are entitled to a hearing before a disciplinary hearing committee. Certain university officials, including the President of the University and the Vice-President of Student Affairs, have the authority to "approve, reject, or modify" the decision of the disciplinary hearing committee. The affidavits of Dr. Jerome Supple, the

President of the University, and Dr. James Studer, the Vice-President of Student Affairs, state that the discretion "to modify the decision includes the ability to probate any suspension" if "mitigating factors warrant probation in a particular case." Contrary to Anderson's assertions, the information contained in the affidavits does not conflict with the Code.

Taken together, the Code and affidavits establish that students who violate the University's drug policy are, in fact, subject to the full range of disciplinary sanctions, from probation to dismissal. Anderson produced no evidence demonstrating the information in the affidavits is false. Consequently, Anderson's argument that the University has a "zero tolerance" drug policy mandating dismissal lacks merit.

Anderson also argues that the University's "zero tolerance" drug policy is unconstitutional per se because the full range of disciplinary sanctions, applicable in other cases, is not applicable in drug cases. Although Anderson maintains the University's disciplinary procedures raise procedural due process issues, he focuses on appeal on his primary argument–that the University has a "zero tolerance" policy which leaves the administration no downward leeway. But as discussed above, the University does not have a "zero tolerance" drug policy. University administrators retain the discretion to accept, reject, modify, or even probate any sentence imposed by the

disciplinary hearing committee.  As a result, Anderson's equal protection claim lacks merit.

The Court will not address Anderson's due procedural due process claim because the issue has not been adequately preserved for appeal.  Every appellant has an obligation to state a legal argument indicating the basis for each contention that he makes on appeal.  See FED. R. APP. P. 28(a)(9); 5TH CIR. R. 28.3(j). Anderson has not done so in this case.  Moreover, because Anderson is proceeding through counsel, his brief is not entitled to liberal construction.  See Beasley v. McCotter, 798 F.2d 116, 118 (5th Cir. 1986) (noting that this court does not give attorney-prepared briefs the benefit of liberal construction).

The district court properly dismissed Anderson's claims, and therefore this Court AFFIRMS the judgment of the district court. AFFIRMED.