**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 14, 2011

Lyle W. Cayce
Clerk

No. 11-40076
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DORA MARIA FLORES-QUINTANA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-2225-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Dora Maria Flores-Quintana (Flores) pleaded guilty pursuant to a written plea agreement to possession with intent to distribute more than one kilogram of heroin, and she was sentenced within the guidelines range to 135 months of imprisonment and five years of supervised release. Flores agreed in the written plea agreement to waive her right to appeal her conviction, her sentence, and the manner in which her sentence was determined, with no exceptions. The Government has expressed its intent to enforce the waiver.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40076

Flores argues on appeal that her sentence is substantively unreasonable because it is greater than necessary to meet the goals of 18 U.S.C. § 3553(a). However, this argument is barred by her appeal waiver. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). Although Flores asserts that if the Government enforces the waiver, she preserves for possible Supreme Court review "her argument that appeal waivers made without knowledge of the rights being sacrificed are neither knowing nor voluntary," she has not adequately briefed the issue, and thus she has abandoned it. *See United States v. Trujillo*, 502 F.3d 353, 360 & n.30 (5th Cir. 2007); *Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

AFFIRMED.