**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Harold NICHOLS, Defendant–
Appellant.**

**No. 14–10648
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 16, 2015.

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

John W. Stickels, Esq., Stickels & Associates, P.C., Arlington, TX, for Defendant–Appellant.

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM: *

Harold Nichols pleaded guilty to conspiracy to possess, with intent to distrib-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

ute, a mixture or substance containing 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The district court sentenced Nichols to 260 months' imprisonment, which is below the advisory-Sentencing Guidelines sentencing range of 360 to 480 months, and four years' supervised release, which is within the advisory-Guidelines range. Nichols asserts his imprisonment and supervised release term are: procedurally unreasonable because the court did not adequately articulate its reasons for the sentence; and substantively unreasonable because the reasons do not support the sentence.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir.2008).

Regarding claimed procedural unreasonableness, Nichols did not object in district court to the adequacy of the court's reasons for sentencing. Therefore, review of that issue is only for plain` error. *E.g., Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009); *United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir.1995). Under that

standard, Nichols must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett*, 556 U.S. at 135, 129 S.Ct. 1423. If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Nichols' assertions regarding claimed procedural and substantive unreasonableness are conclusional, at best; his brief does not provide any detailed discussion or legal analysis of his claims or citations of either the record or relevant legal authorities. *See* Fed. R.App. P. 28(a)(8) (requiring briefs to include, *inter alia*, record and legal citations). An issue must be briefed to be preserved. *E.g., United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir.2010) ("It is not enough to merely mention or allude to a legal theory."). Further, Nichols' counseled brief is not entitled to liberal construction. *E.g., Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir.1986). Nichols has, therefore, abandoned any challenge to the procedural or substantive reasonableness of his sentence. *E.g., Scroggins*, 599 F.3d at 446 (citation omitted).

AFFIRMED.

---

published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀ.