# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11267
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID HERNANDEZ-CUEVAS, also known as David Hernandez, also known as Luis Alfonso Calletano-Ramos,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CR-69-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Hernandez-Cuevas appeals the sentence imposed following his guilty plea conviction for aiding and abetting the distribution of 50 grams or more of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11267

He now generally challenges the substantive policy behind the Sentencing Guidelines' differential treatment of actual methamphetamine and a mixture and substance containing methamphetamine.  More specifically, he asserts that drug purity "is not indicative of increased criminal culpability or any other aggravating factor."  He further asserts that the district court plainly erred by sentencing him under U.S.S.G. § 2D1.1's drug quantity table, given its flawed reliance on drug purity to distinguish offenders who possess or distribute actual methamphetamine from those that possess or distribute a mixture or substance containing methamphetamine.

As Hernandez-Cuevas concedes, this argument is subject to plain error review because it was not presented to the district court.  To establish plain error, he must show: (1) a forfeited error; (2) that is clear or obvious; and (3) that the error affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Hernandez-Cuevas cannot establish that the district court plainly erred for two reasons.  First, he cites no precedential or persuasive legal authority to support his argument that the district court erred or clearly erred by not deviating from the drug quantity table for the policy reasons that he advances. The absence of persuasive authority dooms this argument on plain error review.  *See United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010).  Second, he does not explain how the purported error affects his substantial rights or the fairness, integrity, or public reputation of judicial proceedings.  Thus, he fails to adequately brief the third and fourth prongs of plain error review.  *United States v. Jefferson*, 751 F.3d 314, 322 (5th Cir. 2014) (assuming that error occurred but denying relief because defendant failed to establish that

2

No. 15-11267

error affected substantial rights); *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) ("Inadequately briefed issues are deemed abandoned."); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (counseled briefs are not entitled to liberal construction).

Because Hernandez-Cuevas fails to establish the second prong of plain error review and fails to adequately brief the third and fourth prongs, the judgment of the district court is **AFFIRMED**.