# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50479
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO ALEJANDRO PEREZ-VASQUEZ, also known as Alejandro Vasquez-Gonzalez,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-2541-1

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ricardo Alejandro Perez-Vasquez appeals his guilty plea conviction for illegal reentry after deportation. *See* 8 U.S.C. § 1326. Reviewing for plain error, we affirm. *See Puckett v. United States*, 556 U.S. 129, 135 (2009; *United States v. Vonn*, 535 U.S. 55, 58-59 (2002).

We agree with Perez-Vasquez that the district court committed an obvious or clear error by failing to inform him of the deportation and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50479

immigration consequences of pleading guilty. *See* FED. R. CRIM. P. 11(b)(1)(O); *see also Puckett*, 556 U.S. at 135. However, Perez-Vasquez fails the third prong of plain error review because he does not show that the error affected his substantial rights. *See Puckett*, 556 U.S. at 135. Perez-Vasquez cites no case dictating a determination that the district court's omission of information concerning deportation and immigration consequences automatically rendered his guilty plea invalid. *See United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993) (en banc). Nor does he cite authority supporting his assertion that he was prejudiced by district court error, and we "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Perez-Vasquez's counseled brief is not entitled to liberal construction. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

Notably, Perez-Vasquez does not contend that he would have pleaded differently were it not for district court error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). We note also that Perez-Vasquez does not explain his failure to move to withdraw his plea at sentencing after learning of the presentence report's statement that he would likely be deported. *See United States v. Alvarado-Casas*, 715 F.3d 945, 954-55 (5th Cir. 2013).

Perez-Vasquez fails to carry his burden of showing that district court error affected his substantial rights. *See Puckett*, 556 U.S. at 135; *United States v. Sandlin*, 589 F.3d 749, 757 (5th Cir. 2009).

AFFIRMED.