# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40670
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MONROE EMMANUEL LEE, III,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-549

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Monroe Emmanuel Lee, III, was charged in a three-count indictment with transporting undocumented aliens within the United States for financial gain and conspiring to do the same. The jury convicted Lee on all counts. The district court sentenced Lee to 36 months of imprisonment and three years of supervised release on each count, to run concurrently. On appeal, Lee challenges the sufficiency of the evidence. He also argues that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in admitting a recorded telephone conversation because it was hearsay.  Finally, he contends that the admission of that recorded conversation prejudiced him and was reversible error.

Lee's reliance on the "equipoise rule" in arguing that the evidence was insufficient is misplaced, as the rule has been abandoned by this court.  *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301-02 (5th Cir. 2014) (en banc).  Rather, we will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  This court reviews the evidence, both direct and circumstantial, as well as all reasonable inferences from that evidence, in the light most favorable to the verdict.  *United States v. Rose*, 587 F.3d 695, 702 (5th Cir. 2009).  Moreover, we determine only whether the jury made a rational decision, not whether its verdict was correct on the issue of guilt or innocence.  *See United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995).

Lee disputes that he knew there were undocumented aliens in his truck or that he knew they had no legal standing to enter the United States. However, guilty knowledge "may be inferred from the development and collocation of circumstances." *United States v. Maltos*, 985 F.2d 743, 746 (5th Cir. 1992) (internal quotation marks and citations omitted).  Based on the evidence adduced at trial, the jury was free to conclude that it was unreasonable for anyone but a knowledgeable participant to be in Lee's situation.  *See United States v. Martinez*, 190 F.3d 673, 676 (5th Cir. 1999). Likewise, although largely circumstantial, the jury was free to conclude based on the evidence that Lee intended to further the aliens' unlawful presence.  *See Rose*, 587 F.3d at 702; *Dean*, 59 F.3d at 1484.  Finally, Lee's challenge to the sufficiency of the evidence related to the conspiracy charge is also unavailing.

No. 15-40670

The evidence adduced at trial, as well as the testimony of the material witnesses, established a "concert of action" sufficient to allow a jury to convict Lee for conspiracy to transport undocumented aliens. *See United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013); *see also United States v. Thomas*, 690 F.3d 358, 367-68 (5th Cir. 2012).

The Government is correct in its assertion that Lee has waived the issue of whether the district court erred in admitting the recorded telephone conversation. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (stating that merely listing a point of error without further argument or explanation constitutes waiver for failure to brief); *see also* FED. R. APP. P. 28(a)(8)(A) (requiring an argument to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Because Lee is represented by counsel, he is not entitled to the benefit of liberal construction. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). As to whether Lee was prejudiced by the admission of the recorded telephone conversation, Lee's argument is again inadequately briefed and therefore also deemed abandoned. *See* FED. R. APP. P. 28(a)(8)(A); *see also see also United States v. Cothran*, 302 F.3d 279, 286 n.7 (5th Cir. 2002).

AFFIRMED.