# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30149

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2017

Lyle W. Cayce
Clerk

DERRICK SONNIER,

Plaintiff-Appellant

v.

COLONEL CHARLES HONEYCUTT; MAJOR ERIC HINYARD; CAPTAIN
LARRY SIMON; LIEUTENANT ROBERT ROWE; LIEUTENANT CLINTON
REID,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-292

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Derrick Sonnier, Louisiana prisoner # 390403, seeks leave to proceed in forma pauperis (IFP) in his appeal of the jury trial judgment dismissing his 42 U.S.C. § 1983 action. By seeking leave to proceed IFP in this court, Sonnier is challenging the district court's certification that this appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30149

Sonnier argues that "evidence at trial" showed that after he "followed procedures and opened his two lockers" in compliance with prison guards' orders during a shakedown of his cell, he was "subjected to beatings and uses of excessive force." He argues further that he did not receive a fair trial "[d]ue to blatant lies and other inflammatory statements" and that "he proved by a preponderance of the evidence that the defendants used excessive force against him and that the jury's verdict was in error. Sonnier does not provide any specific facts or legal analysis in support of these arguments. Because he has inadequately briefed these issues in his attorney-prepared IFP motion and memorandum in support, they are deemed to be waived. *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Furthermore, even if we were to consider Sonnier's presumed challenge to the jury's assessment of trial testimony and evidence, we do not reweigh a jury's credibility determinations. *See Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011); *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005).

Sonnier has not shown that he will raise a legal point on appeal that is arguable on its merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.