# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20833
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWIN JASSIEL PERALTA-CASTRO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-356-7

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Edwin Jassiel Peralta-Castro appeals the 120-month sentence imposed following his guilty plea conviction for engaging in a monetary transaction in property derived from specified unlawful activity. He contends that the district court clearly erred in finding that he aided and abetted drug trafficking and thus should be held accountable for that relevant conduct under U.S.S.G. § 2S1.1(a)(1). He argues that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20833

misapplied Application Note 2(C) to § 2S1.1 in denying him a mitigating role adjustment, making his sentence substantively unreasonable.

The district court plausibly inferred from the admissions in Peralta-Castro's factual basis and the unrebutted information in the presentence report that he aided and abetted drug trafficking by facilitating the transportation of three vehicles loaded with drugs. *See United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014); *United States v. Zuniga*, 720 F.3d 587, 590-91 (5th Cir. 2013). The district court therefore did not clearly err in holding Peralta-Castro accountable for drug trafficking as relevant conduct under § 2S1.1(a)(1) and thus made no error in calculating the base offense level. *See United States v. Cessa*, 785 F.3d 165, 188 (5th Cir. 2015).

Peralta-Castro does not cite any record support for his assertion that the district court misapplied Application Note 2(C) to § 2S1.1 by denying him a mitigating role adjustment based on his conduct in the underlying drug trafficking offense. Neither does he otherwise explain how the record shows that the district court misapplied the application note. He does not cite anything in the record or relevant authorities in support of his assertion that he was a minor participant in the money laundering offense or otherwise explain how the district court clearly erred in denying him a mitigating role adjustment based on his conduct in the money laundering offense. As Peralta-Castro's briefing on critical aspects of his claim of error is inadequate, he has waived this claim of error. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

Moreover, even if this claim were not waived, the district court's explicit reasons for denying Peralta-Castro a mitigating role adjustment do not reveal any error in applying Application Note 2(C) to § 2S1.1. *See Cessa*, 785 F.3d at 188. Given Peralta-Castro's central role in the money laundering offense, the

No. 16-20833

district court did not clearly err in denying him a mitigating role adjustment. *See United States v. Stanford*, 823 F.3d 814, 852 (5th Cir.), *cert. denied*, 137 S. Ct. 453 (2016).

Peralta-Castro has also waived his claim that his sentence is substantively unreasonable by virtue of his inadequate briefing. *See Scroggins*, 599 F.3d at 446-47. His within-guidelines sentence of 120 months is presumptively reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). He does not attempt to rebut this presumption under the applicable standard, *see United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), and he is not entitled to a liberal construction of his arguments because he is represented by counsel, *see Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Moreover, even if this claim were not waived, his conclusional assertion that a sentence between 15 to 21 months of imprisonment would have satisfied various 18 U.S.C. § 3553(a) factors fails to rebut the presumption of reasonableness that applies to his within-guidelines sentence. *See Campos-Maldonado*, 531 F.3d at 338.

The judgment of the district court is AFFIRMED.