# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-60311
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2019

Lyle W. Cayce
Clerk

DERRICK SUMRALL,

Plaintiff-Appellant

v.

MARCUS DAVIS; DEMTRE RAY; JOHN DOE JOHNSON; TIMOTHY MORRIS; LT. THIGPEN,

Defendants-Appellees

————————————

DERRICK SUMRALL,

Plaintiff-Appellant

v.

MARCUS DAVIS; DEMTRE RAY; JOHN DOE JOHNSON; JOHN DOE MEGATRON; TIMOTHY MORRIS; WENDELL BANKS; LT. THIGPEN,

Defendants-Appellees

————————

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 4:16-CV-34
USDC No. 4:16-CV-47

————————

No. 18-60311

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Derrick Sumrall, formerly inmate # R8429 in the custody of the Mississippi Department of Corrections, appeals the summary judgment dismissal without prejudice of his 42 U.S.C. § 1983 civil rights action. The district court determined that Sumrall failed to exhaust his available administrative remedies.

Sumrall does not contest the district court's conclusion that the Mississippi Department of Corrections' administrative remedy program was available to him, because an ordinary prisoner could discern or navigate the process. Nor does he challenge the district court's finding that he failed to exhaust the available administrative remedies by failing to properly refile his grievance. Lastly, Sumrall does not renew his arguments before the district court that special circumstances – specifically the Appellees' failure to inform him in any understandable language that he needed to refile his administrative remedy grievance – justified his failure to comply with the administrative remedy program procedures. As such, Sumrall has abandoned these issues on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Rather, Sumrall alleges that the Mississippi Department of Correction's administrative remedy was unavailable to him because he did not receive notice of the inadequacy of his grievance within the administrative remedy program's five (5) day time limit for him to make corrections. Sumrall's arguments and factual allegations were not raised before the district court and,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

thus, should not be considered by this court for the first time on appeal. *James v. McCaw Cellular Commc'ns, Inc.*, 988 F.2d 583, 585 (5th Cir. 1993); *see also Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (attorney-prepared briefs not entitled to benefit of liberal construction). Nevertheless, Sumrall's argument is unavailing in that it is based upon a misinterpretation or misreading of the applicable administrative remedy program. *See* Miss. Dep't of Corrections, Inmate Handbook, *available at* https://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf ("If a request is rejected for technical reasons or matters of form, the inmate shall have *five days from the date of rejection* to file his/her corrected grievance."). Sumrall failed to show the existence of a genuine issue of material fact in dispute regarding his failure to exhaust his administrative remedies or the availability of those remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Accordingly, the district court's judgment is AFFIRMED.

3