# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2020

Lyle W. Cayce
Clerk

No. 19-60134
Summary Calendar

ROSA LIDIA MENDOZA-MORAN; SANDRA BEATRIZ MENDOZA-MORAN,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 979 782
BIA No. A208 979 783

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Rosa Lidia Mendoza-Moran and her teenage daughter, Sandra Beatriz Mendoza-Moran, are natives and citizens of El Salvador who entered the United States at or near Hidalgo, Texas, on April 11, 2016, without being admitted or paroled. They have filed a petition for review of the order from the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60134

Board of Immigration Appeals (BIA) denying their applications for asylum and withholding of removal.

Rosa sought asylum and withholding of removal based on membership in a particular social group (PSG), which she identified as "Salvadoran women who fear violence and delinquency in their home country." She listed Sandra as a derivative beneficiary of her asylum application. Sandra also filed an individual asylum application, asserting the same claims as her mother.

This court has authority to review only the order of the BIA unless the underlying decision of the immigration judge (IJ) influenced the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Here, the BIA approved of and relied on some of the IJ's findings. Accordingly, we review both decisions. *See id.*

Rosa argues that her testimony allowed for the reasonable inference that her proposed PSG also included her status as "a mother who was protecting her child" and that the IJ erred in failing to address that PSG. She asserts that the IJ's failure deprived her of a full and fair hearing and that the BIA should have ordered a remand. She further argues that the BIA erred in upholding the IJ's finding that the threats she received from criminal gangs in El Salvador did not rise to the level of persecution.

An asylum applicant has the burden to establish her entitlement to relief by "clearly indicat[ing] . . . the exact delineation of any social group(s) to which she claims to belong." *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018) (internal quotation marks and citations omitted). Although Rosa argues that her testimony was sufficient to raise her status as a mother protecting her child as the basis for or a component of a cognizable PSG, that does not suffice under *Matter of W-Y-C-*, given that she was represented by counsel in her proceedings before the IJ and counsel was given the opportunity

to articulate the parameters of the PSG(s) that Rosa was proposing, *see Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. at 191-93.

Rosa's counseled brief presents no argument that the persecution that she experienced and feared was based on, or would be based on, membership in her original PSG: Salvadoran woman who feared violence and delinquency in her home country, which the IJ rejected as lacking the requisite particularity to be cognizable as a social group for purposes of asylum. Rosa has therefore waived review of the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (observing that counseled briefs are not entitled to liberal construction). We need not consider Rosa's other argument that the threats she received from criminal gangs rose to the level of persecution because she has failed to identify a cognizable PSG.

Because Rosa fails to show that she was or would be persecuted based on a protected ground, she is ineligible for asylum. *See Cantarero-Lagos v. Barr*, 924 F.3d 145, 150 (5th Cir. 2019). As such, the BIA did not err in denying her application. *Id.*; 8 U.S.C. § 1101(a)(42)(A). There was likewise no error in denying her daughter's asylum application because it was merely derivative of Rosa's application. *See Orellana-Monson v. Holder*, 685 F.3d 511, 522 (5th Cir. 2012). Rosa's failure to establish her eligibility for asylum necessarily defeats her and her daughter's claims to withholding of removal. *See Majd v. Gonzales,* 446 F.3d 590, 595 (5th Cir. 2006).

The petition for review is DENIED.