# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2020

Lyle W. Cayce
Clerk

No. 19-60004
Summary Calendar

Miguel Angel Romero-Oliva; Kevin Geovanny Romero-Melendez,

*Petitioners,*

*versus*

William P. Barr, U. S. Attorney General,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 886 745
BIA No. A208 886 746

Before Davis, Stewart, and Dennis, *Circuit Judges.*

Per Curiam:*

Miguel Angel Romero-Oliva and his teenage son, Kevin Geovanny Romero-Melendez, are natives and citizens of Honduras who entered the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60004

United States at or near Brownsville, Texas, on or about March 13, 2016, without being admitted or paroled. Romero-Oliva and Romero-Melendez have filed a petition for review of the order from the Board of Immigration Appeals (BIA) dismissing his appeal from the order of the Immigration Judge (IJ) denying his application for asylum and withholding of removal.

Romero-Oliva sought asylum and withholding of removal based on membership in a particular social group (PSG), which he identified as "Honduran men who fear violence and delinquency in their home country." He listed Romero-Melendez as a derivative beneficiary of his asylum application.

We have authority to review only the order of the BIA unless the underlying decision of the Immigration Judge (IJ) influenced the BIA's decision. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). The BIA's legal conclusions are reviewed de novo. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). This court reviews the BIA's findings for substantial evidence, and it will not disturb such findings unless the evidence compels a contrary conclusion. *Id.* at 517-18.

Romero-Oliva argues that his testimony allowed for the reasonable inference that his proposed PSG also included his family's status as landowners and his sibling connection as the basis for or a component of a cognizable PSG and that the IJ erred in failing to address that PSG. He asserts that the IJ's failure deprived him of a full and fair hearing and that the BIA should have ordered a remand. He further argues that the BIA erred in upholding the IJ's finding that he did not suffer any persecution because he experienced threats that were highly imminent and menacing in nature.

An asylum applicant has the burden to establish his entitlement to relief by "clearly indicat[ing] on the record before the [IJ] . . . . the exact delineation of any particular social group(s) to which she claims to belong."

No. 19-60004

*Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018) (internal quotation marks and citations omitted). During proceedings before the IJ, Romero-Oliva expressly abandoned his proposed PSG based on his family's status as landowners. Moreover, his testimony does not suffice to raise his sibling connection as a component of a cognizable PSG, given that he was represented by counsel in his immigration proceedings and counsel was given the opportunity to articulate the parameters of the PSG that Romero-Oliva was proposing. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. at 191-93. Accordingly, he fails to demonstrate that the BIA erred in declining to consider a different PSG for the first time on appeal from the IJ. *See Cantarero-Lagos v. Barr*, 924 F.3d 145, 150-51 (5th Cir. 2019).

Romero-Oliva's counseled brief presents no argument that the purported persecution that he experienced and feared was based on, or would be based on, membership in his original PSG: Honduran men who fear violence and delinquency in their home country, which the BIA rejected as non-cognizable. Romero-Oliva has therefore waived review of the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). We need not consider Romero-Oliva's other argument that the threats he received from criminal gangs rose to the level of persecution because he has failed to identify a cognizable PSG.

Because Romero-Oliva fails to show that he was or would be persecuted based on a protected ground, he is ineligible for asylum. *See Cantarero-Lagos*, 924 F.3d at 150. As such, the BIA did not err. *See id.*; 8 U.S.C. § 1101(a)(42)(A). Romero-Oliva's failure to establish his eligibility for asylum necessarily defeats his claim to withholding of removal. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

The petition for review is DENIED.