# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2021

Lyle W. Cayce
Clerk

No. 19-60913
Summary Calendar

Gina Rossy Triminio-Herrera,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 373 941

---

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Gina Rossy Triminio-Herrera, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of her appeal from the Immigration Judge's (IJ) denial of her applications for asylum, withholding of removal, and protection under the Convention

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60913

Against Torture (CAT). She argues that the BIA erred in finding that she was not a member of a particular social group, that she could safely return to Honduras, and that she would not likely be tortured if she returns to Honduras.

This court reviews only the BIA's decision, "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Whether an alien has demonstrated eligibility for asylum, withholding of removal, or CAT relief is a factual determination that this court reviews for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); 8 U.S.C. § 1252(b)(4)(B). "Under the substantial evidence standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen*, 470 F.3d at 1134 (internal quotation marks and citations omitted); § 1252(b)(4)(B).

In connection with her application for asylum, Triminio-Herrera does not address the BIA's finding that, even if she was a member of a cognizable particular social group, she failed to show she suffered from past persecution. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006); 8 C.F.R. § 1208.13(b)(1). She also fails to address the BIA's reasons for finding that, even if she was a member of a cognizable particular social group, she did not have a well-founded fear of future persecution. *See Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005); *see also* § 1208.13(b)(2)(ii). Thus, she has abandoned any challenge to those determinations. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *see also Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Because Triminio-Herrera fails to address those issues, which are dispositive of her asylum claim, we do not need to address the asylum arguments she raises in her petition for review. *See INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976). Further, in failing to address those findings, she does not show that the BIA's dismissal of her asylum claim is

unsupported by substantial evidence or that the evidence compels a contrary result. *See Chen*, 470 F.3d at 1134.

Because Triminio-Herrera fails to establish her eligibility for asylum, she "is necessarily also unable to establish an entitlement to withholding of removal." *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012) (internal quotation marks and citation omitted). Finally, in connection with her CAT claim, Triminio-Herrera does not address the BIA's finding that she failed to establish that a public official would acquiesce to her torture if she returns. *See* 8 C.F.R. § 1208.18(a)(1), (7). Accordingly, any challenge to that finding has been abandoned, and she has failed to carry her burden of showing entitlement to relief under the CAT. *See Soadjede*, 324 F.3d at 833; § 1208.18(a)(1), (7). The petition for review is DENIED.