# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2021

Lyle W. Cayce
Clerk

No. 20-61152
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Demetrius S. Rankin,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:06-CR-41-1

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Demetrius S. Rankin, federal prisoner # 03266-043, appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act. Rankin argued in his motion that he was entitled to compassionate release due to the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61152

extraordinary and compelling circumstances COVID-19 poses in a prison setting, particularly in light of his history of multiple serious medical conditions, including chronic bronchitis, hypertension, morbid obesity, asthma, allergies, and anxiety.

We review the district court's decision to deny a prisoner's motion for compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court expressed that it lacked authority to order home confinement and concluded that Rankin was not entitled to an early release because his medical conditions did not create an extraordinary or compelling circumstance and, additionally, the 18 U.S.C. § 3553(a) factors did not weigh in his favor.

Rankin primarily argues that the district court erred in its order denying relief by failing to articulate the burden of proof required to establish extraordinary and compelling reasons warranting compassionate release. Rankin's counseled brief fails to raise any meaningful challenge to the district court's determination that he failed to show extraordinary and compelling circumstances and the § 3553(a) factors disfavored release, as required for § 3582(c)(1)(A)(i) relief, or that it lacked authority to order home confinement. Thus, Rankin has abandoned these issues. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010); *see also Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Rankin has failed to show an abuse of discretion by the district court, and the order denying his motion for release is AFFIRMED.