# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2021

Lyle W. Cayce
Clerk

No. 20-60544
Summary Calendar

Nancy Mariela Ponce-Medina,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 202 075 863

Before Smith, Stewart, and Graves, *Circuit Judges*.
Per Curiam:*

Nancy Ponce-Medina, a native and citizen of El Salvador, petitions for review of the dismissal by the Board of Immigration Appeals ("BIA") of her appeal of an order by an Immigration Judge ("I.J.") denying her applications for asylum, withholding of removal, and protection under the Convention

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60544

Against Torture. Ponce-Medina, who is represented by counsel, avers that she satisfied her burden of establishing her eligibility for asylum and withholding of removal because she demonstrated a well-founded fear of future persecution based on her membership in a particular social group, which she identified as the family of her late stepfather, Jaime Canjura Flores, who was murdered in El Salvador years after Ponce-Medina was found in the United States.[1]

We review the decision of the BIA and will consider the I.J.'s decision only to the extent that it influenced the BIA. *See Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). We review legal conclusions *de novo* and factual findings, such as eligibility for asylum and withholding of removal, for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under the substantial evidence standard, the petitioner "must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Although Ponce-Medina addresses the BIA's determination that she failed to establish a nexus between her fear of future harm and a protected ground, she fails to address adequately the BIA's alternative basis for denying her asylum claim. Specifically, she does not adequately address the determination that she failed to show either that authorities in El Salvador were unable or unwilling to protect her from harm or that she could not reasonably avoid the feared persecution by relocating to another area of El Salvador. In this regard, her counseled brief is not entitled to liberal construction. *See*

---

[1] Ponce-Medina also challenges the I.J.'s determination that her asylum application was untimely, but we do not address that issue because it was not addressed by the BIA and was not the basis on which the BIA affirmed the I.J.'s decision denying asylum. *See Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010). All other challenges she could have raised in this petition are waived. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

No. 20-60544

*Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Accordingly, she has not shown that substantial evidence compels the conclusion that, for purposes of asylum, she has a well-founded fear of future persecution.[2] Additionally, although Ponce-Medina asserts that she is eligible for withholding of removal, she fails to show a "clear probability" or that "it is more likely than not" that she would be persecuted on the basis of her membership in a particular social group if she returns to El Salvador. *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006) (internal quotation marks and citation omitted).

Accordingly, the petition for review is DENIED.

---

[2] *See Wang*, 569 F.3d at 537; *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 446 (5th Cir. 2001) ("[W]hen a person can relocate within [her] country upon return, the extraordinary act of granting asylum is not necessary."); 8 C.F.R. § 208.13(b)(2)(ii), (3)(i); *see also Ortiz v. Garland*, 6 F. 4th 685, 691 (5th Cir. 2021) (declining to address the issue of persecution where petitioner could not independently prove that the authorities weres unwilling or unable to control violence).