# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2022

Lyle W. Cayce
Clerk

No. 20-60484
Summary Calendar

Jaime Raul Almaguer Munoz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 616 958

Before Jolly, Willett, and Engelhardt, *Circuit Judges.*

Per Curiam:*

Jaime Raul Almaguer Munoz petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) denying his motion to reopen and rescind his *in absentia* removal order. Almaguer Munoz brought his motion to reopen

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

under 8 U.S.C. § 1229a(b)(5)(C)(ii), asserting that he did not receive proper notice of his removal proceedings because his attorney at the time did not inform him of the hearing.

When the BIA affirms the IJ without opinion we review the IJ's decision. *See Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003). A denial of a motion to reopen is reviewed under "a highly deferential abuse-of-discretion standard." *Ramos-Portillo v. Barr*, 919 F.3d 955, 958 (5th Cir. 2019). We review factual findings under the substantial evidence test, meaning that we may not overturn factual findings unless the evidence compels a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). We review questions of law de novo. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

Notice of Almaguer Munoz's removal hearing was provided to his attorney at the time, which constitutes constructive notice on Almaguer Munoz. *Men Keng Chang v. Jiugni*, 669 F.2d 275, 277-78 (5th Cir. 1982). Almaguer Munoz's allegation that his then-attorney failed to advise him of the removal hearing does not render the constructive notice defective. *See id.* (rejecting alien's claim that he did not receive notice of the BIA's actions because his counsel failed to advise him of such). Thus, the BIA did not abuse its discretion in denying his motion to reopen for lack of notice. *See Ramos-Portillo*, 919 F.3d at 958; *see also* § 1229a(b)(5)(C)(ii); 8 C.F.R. § 292.5(a).

No other issues are adequately argued in the petitioner's brief. Accordingly, any other issues the brief attempts to raise are abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *see also Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (holding that, unlike pro se briefs, counseled briefs are not entitled to liberal construction). The brief's statements that the BIA misused its summary affirmance procedure, that exceptional circumstances prevented Almaguer Munoz from attending his

No. 20-60484

hearing, and that Almaguer Munoz's prior attorney was ineffective lacked intelligible arguments and contained sparse citations to relevant authorities and parts of the record. *See* Fed. R. App. P. 28(a)(8)(A). Similarly, the brief's conclusory requests to amend or supplement the petition and to stay Almaguer Munoz's removal are abandoned.

Accordingly, Almaguer Munoz's petition for review and the incorporated motions are DENIED.

We add a further note of concern that the required statement of the standard of review in the petitioner's brief was limited to one issue and was incorrect. *See* Fed. R. App. P. 28(a)(8)(B). The brief also lacked an adequate statement of the issues, statement of the case, or summary of the argument. *See* Fed. R. App. P. 28(a)(5)-(7). Finally, disjointed arguments were distributed under various headings without rhyme or reason. Counsel is therefore WARNED that future frivolous filings could subject her to sanctions. *See* 28 U.S.C. § 1927; Fed. R. App. P. 38.