# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2022

Lyle W. Cayce
Clerk

No. 20-60865
Summary Calendar

Maria Elena Aguilar,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 784 309

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Maria Elena Aguilar petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60865

When the BIA affirms the IJ without opinion, as it did here, this court reviews the IJ's decision. See Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir. 2003). Findings of fact, including the denial of asylum, withholding of removal, and CAT protection, are reviewed under the substantial evidence standard, meaning that we may not overturn factual findings unless the evidence compels a contrary conclusion. Chen v. Gonzales, 470 F.3d 1131, 1134 (5th Cir. 2006). Conclusions of law are reviewed de novo. Sharma v. Holder, 729 F.3d 407, 411 (5th Cir. 2013).

Aguilar has abandoned all issues raised for review due to failure to brief. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003); see also Beasley v. McCotter, 798 F.2d 116, 118 (5th Cir. 1986) (holding that, unlike pro se briefs, counseled briefs are not entitled to liberal construction). The brief failed to challenge the IJ's finding that her proposed particular social group of "women who cannot leave their husbands" is not cognizable. Regarding her arguments in support of her CAT claim, the brief contained mostly conclusory statements with sparse citations to relevant authorities and parts of the record. See Fed. R. App. P. 28(a)(8)(A).

Accordingly, Aguilar's petition for review is DENIED.

We add a further note of concern that petitioner's brief lacked the required statement of the standard of review. See Fed. R. App. P. 28(a)(8)(B). The brief also lacked an adequate statement of the case and summary of the argument. See Fed. R. App. P. 28(a)(6)-(7). Counsel is therefore WARNED that future frivolous filings could subject him to sanctions. See 28 U.S.C. § 1927; Fed. R. App. P. 38.