Bobby Lee BEASLEY, Petitioner-Appellant,

v.

O.L. McCOTTER, Director, Texas Department of Corrections, Respondent-Appellee.

No. 86–1095.

United States Court of Appeals, Fifth Circuit.

Aug. 5, 1986.

Storey, Armstrong, Steger & Martin, Robert S. Addison, Vic Houston Henry, Dallas, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before CLARK, Chief Judge, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

In its Order of May 19, 1986, the Court denied appellant's application for a certificate of probable cause (CPC) because Beasley failed to make a substantial showing that he had been denied a federal right. *Brogdon v. Blackburn,* 790 F.2d 1164, 1167 (5th Cir.1986). Before the district court Beasley alleged that his guilty plea in a Texas state court was involuntary because the trial court failed to apprise him of his privilege against self-incrimination as well as the range of punishment to which he was exposed. He further alleged that his confession was involuntary because it was improperly induced. His counsel was ineffective, he claimed, because of a variety of purported derelections, including counsel's alleged failure to explain the waiver consequences of a guilty plea.

In his district court and appellate CPC pleadings, however, Beasley did not challenge the magistrate's findings that the trial court did not fail to apprise Beasley of his privilege against self-incrimination as

well as the range of punishment to which he was exposed. This Court noted that claims raised in the district court but not pressed on appeal are deemed abandoned. Order at 2 (citing *Hobbs v. Blackburn,* 752 F.2d 1079, 1083 (5th Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985); *Davis v. Maggio,* 706 F.2d 568, 571 (5th Cir.1983)).

Consequently, Beasley's remaining appellate claims—that his confession was involuntary and tainted by an illegal arrest, and that his trial counsel was ineffective—were deemed waived because a voluntary guilty plea generally waives all nonjurisdictional defects. Order at 2–4. Beasley did not complain of defects in the guilty-plea proceeding, and this Court emphasized that Beasley did not challenge his attorney's effectiveness "as it related to 'the voluntary and intelligent character of the guilty plea'[1] ... but only as it relates to his attorney's alleged failures to litigate the 'deprivation of [Beasley's] constitutional rights that occurred prior to the entry of the guilty plea.'" *Id.* at 3–4 (quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) (footnote added)).

■ In his rehearing motion, Beasley agrees that he abandoned his claims concerning the trial court's failure to apprise him of his privilege against self-incrimination and the punishment range to which he was exposed. He insists, however, that he preserved his challenge to the voluntariness of his guilty plea when he challenged his trial counsel's effectiveness. He asserts that this claim was made in his habeas pleadings before the district court as well as in his objections to the magistrate's report and recommendation (R & R) and subsequent CPC pleadings.

Beasley is correct to the extent that he argued, in his R & R objections, that the alleged ineffective assistance of counsel rendered his guilty plea involuntary. Nevertheless, in his district court CPC application he confined his arguments to his attorney's alleged pre-guilty-plea litigational deficiencies. This limiting focus was repeated in his CPC application before this Court.

■ Contrary to Beasley's rehearing-motion assertion, he did not clearly present on appeal his belated claim challenging his attorney's effectiveness "as it related to the voluntary and intelligent character of the guilty plea." In addition, no liberal construction of the pleadings within the meaning of *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam), is warranted because Beasley is represented by counsel before this Court. Finally, as noted in *Vail v. McCotter,* No. 85–2546 (5th Cir., Jan. 16, 1986) (unpublished Order) (attached), "[a]n unsuccessful applicant who desires plenary determination whether this Court should grant a [CPC] can either file no motion therefor in this Court, Fed. R. App. P. 22(b), or he must assert in his [CPC] motion to this Court ... all issues which he desires to present on appeal." Id. at 4–5. Beasley chose the latter route; conservation of judicial resources compels this Court to review only those claims presented to it and to abstain from arguing each non-pro se litigant's case for him.

■ Beasley iterates his earlier CPC arguments concerning the application of res judicata principles to a state-court judg-

---

1. Only by way of a contorted reading of the claim could the Court conclude otherwise. Boiled down, Beasley's CPC allegation is that, had his counsel more effectively litigated the suppression motion (as apparently had been done in a second criminal proceeding stemming from the same arrest), he would have either avoided a guilty plea by way of dismissal of the indictment, or at least have enjoyed more leverage in the plea-bargain process. This complaint goes to pre-guilty-plea litigational deficiencies, not whether Beasley was adequately advised so that his guilty plea would be knowing and intelligent within the meaning of *Neyland v. Blackburn,* 785 F.2d 1283, 1287 (5th Cir.1986); *compare Mason v. Balcom,* 531 F.2d 717, 723–24 (5th Cir.1976) (petitioner claimed that counsel not only failed to perform any pretrial investigation, but that he also failed to provide considered legal advice or present petitioner with available options before petitioner pleaded guilty).

ment holding, in an appeal from a related conviction stemming from the same arrest made in this case, that the arrest was illegal. He also maintains that this Court should have addressed his contention that the district court failed to make an independent determination concerning the voluntariness of his confession in this case. However, these claims present neither a jurisdictional defect nor call into question "the very power of the State to bring the defendant into court to answer the charge against him[,]" *Long v. McCotter*, 792 F.2d 1338, 1343–45 (5th Cir., 1986) (citing *Haring v. Prosise*, 462 U.S. 306, 320, 103 S.Ct. 2368, 2376, 76 L.Ed.2d 595 (1983)), because they implicate only the "deprivation of constitutional rights that occurred prior to the entry of the guilty plea[,]" *Tollett*, 411 U.S. at 266, 267, 93 S.Ct. at 1607, 1608, and thus "do not necessarily or logically conflict 'with the valid establishment of factual guilt.'" *Long*, at 1343 (quoting *Menna v. New York*, 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975)).

The petition for rehearing of the order denying a certificate of probable cause is

DENIED.