UNITED STATES of America,
Plaintiff–Appellee,

v.

Miguel Angel RODRIGUEZ–MIER,
Defendant–Appellant.

No. 05–40240.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 31, 2005.

Michelle S. Englade, Assistant U.S. Attorney, Beaumont, TX, for Plaintiff–Appellee.

Frank Warren Henderson, Amy R. Blalock, Assistant Federal Public Defenders, Tyler, TX, for Defendant–Appellant.

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM: *

Miguel Angel Rodriguez–Mier (Rodriguez) pleaded guilty to illegal reentry after deportation and was sentenced to 78 months of imprisonment, three years of supervised release, and a $100 special assessment.

Rodriguez argues that, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his sentence should not have been enhanced under 8 U.S.C. § 1326(b) because the prior

---

conviction used to enhance his sentence was not charged in his indictment or proved to a jury beyond a reasonable doubt. He argues that his sentence should be vacated and that his case should be remanded for resentencing under 8 U.S.C. § 1326(a), which provides for a two-year maximum sentence. He concedes that his argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and he argues that he is raising the issue to preserve it for further review.

█ As Rodriguez concedes, this issue is foreclosed. *See Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). However, more importantly, Rodriguez's argument that the indictment did not include his prior crime is not supported by the record. The indictment in fact stated that Rodriguez had previously been deported after being convicted of "an aggravated felony, to wit: Delivery of a Controlled Substance; to wit, Marijuana," and Rodriguez pleaded guilty to the charge stated in the indictment. Because his incorrect assertion that the indictment did not include his prior crime is the only basis for his argument that his sentence should be vacated and his case remanded for resentencing in light of *Apprendi*, he has not raised any error capable of being preserved for further review. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir.1986) (holding that this court does not give attorney-prepared briefs the benefit of liberal construction).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has    determined that this opinion should not be