United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40240
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL RODRIGUEZ-MIER,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-119-ALL
---------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:*

Miguel Angel Rodriguez-Mier (Rodriguez) pleaded guilty to illegal reentry after deportation and was sentenced to 78 months of imprisonment, three years of supervised release, and a $100 special assessment.

Rodriguez argues that, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), his sentence should not have been enhanced under 8 U.S.C. § 1326(b) because the prior conviction used to enhance his sentence was not charged in his indictment or proved

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to a jury beyond a reasonable doubt. He argues that his sentence should be vacated and that his case should be remanded for resentencing under 8 U.S.C. § 1326(a), which provides for a two-year maximum sentence. He concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and he argues that he is raising the issue to preserve it for further review.

As Rodriguez concedes, this issue is foreclosed. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). However, more importantly, Rodriguez's argument that the indictment did not include his prior crime is not supported by the record. The indictment in fact stated that Rodriguez had previously been deported after being convicted of "an aggravated felony, to wit: Delivery of a Controlled Substance; to wit, Marijuana," and Rodriguez pleaded guilty to the charge stated in the indictment. Because his incorrect assertion that the indictment did not include his prior crime is the only basis for his argument that his sentence should be vacated and his case remanded for resentencing in light of Apprendi, he has not raised any error capable of being preserved for further review. See Beasley v. McCotter, 798 F.2d 116, 118 (5th Cir. 1986) (holding that this court does not give attorney-prepared briefs the benefit of liberal construction).

AFFIRMED.