**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-10178
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JASON LEE JOHNSTON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-130-1

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jason Lee Johnston pleaded guilty to possession of a firearm by a felon and was convicted by a jury of attempted first degree murder of a federal officer and carrying and using a firearm in furtherance of a crime of violence. He was sentenced to 120 months of imprisonment, 240 months of imprisonment, and life imprisonment, respectively, to be served consecutively for an aggregate term of life imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Johnston argues that the district court abused its discretion in upwardly departing from the guidelines sentence pursuant to U.S.S.G. § 4A1.3 based on an inadequate criminal history category because the district court did not follow the proper procedures for doing so. He further contends that the district court improperly took into account dismissed counts when it sentenced him because such consideration "eviscerates the plea bargain." He asserts that a person who pleads guilty is entitled to expect a guidelines sentence.

These arguments and the facts underlying them differ completely from the facts contained in the record. The district court explicitly imposed an upward departure pursuant to U.S.S.G. § 5K2.0(a)(3), rather than § 4A1.3, as Johnston asserts. Additionally, neither the district court's stated reasons for its sentence nor anything contained in the record indicate that the district court took dismissed counts into consideration when it sentenced Johnston. Furthermore, there was no plea bargain in this case and Johnston received a within-guidelines sentence for the only charge to which he pleaded guilty. Because Johnston's attorney-briefed arguments concerning the district court's upward departure do not address either the district court's stated reasons for the departure or the law underlying those reasons, he has abandoned any challenge to the district court's upward departure. *See Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

Johnston also asserts that the district court failed to comply with 18 U.S.C. § 3553(c) in explaining its reasons for imposing an upward departure. However, Johnston does not show how the district court failed to provide specific reasons as required under § 3553(c), and thus has not demonstrated the district court abused its discretion.

Additionally Johnston asserts that his life sentence was unconstitutionally excessive. However, when compared with the benchmark established in *Rummel v. Estelle*, 445 U.S. 263 (1980), Johnston's aggregate life sentence for possession of a firearm by a felon, attempted first degree

murder of a federal officer, and carrying and using a firearm in furtherance of a crime of violence was not grossly disproportionate. *See Rummel*, 445 U.S. at 265-66, 284-85. Accordingly, the district court did not plainly err in imposing Johnston's life sentence. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied,* 2009 WL 56591 (Jan. 12, 2009) (No. 08-7559).

AFFIRMED.