# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2012

No. 11-20444
Summary Calendar

Lyle W. Cayce
Clerk

ALLEN CALTON,

Plaintiff-Appellant

v.

BRAD LIVINGSTON; OWEN MURRAY, Individual and Official Capacity;
LANETTE LINTHICUN; WARDEN GINSEL, Individual and Official Capacity;
SAMUEL HALLMAN, Individual and Official Capacity; RICHARD TOLLES,
Individual and Official Capacity; BEVERLY LOVE, Individual and Official
Capacity; LIEUTENANT KRISCHKE, Individual and Official Capacity;
SERGEANT KLIRENKO; CORRECTIONAL OFFICER OBIE, Individual and
Official Capacity; CAROLYN O'BRYANT; BEVERLY CANNALITO; JAMIE
WILLIAMS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2507

Before KING, GRAVES, and JOLLY, Circuit Judges.

PER CURIAM:[*]

Allen Calton, Texas prisoner # 1123880, filed a pro se civil rights
complaint under 42 U.S.C. § 1983 against the above named defendants. The
district court appointed counsel to represent Calton, and counsel filed an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

amended complaint naming only Hallman, Tolles, Love, Cannalito, Krischke, O'Bryant, and Williams as defendants. The amended complaint alleged that the defendants were deliberately indifferent when they provided inadequate care in response to Calton's expression of suicidal thoughts, that prison officials failed to properly train their personnel in managing a suicidal inmate and protecting him from self-harm, and that the defendants failed to create or implement a policy to prevent suicidal inmates from inflicting self harm.

The defendants asserted the affirmative defense of qualified immunity and eventually filed motions for summary judgment. The district court concluded that the defendants were entitled to summary judgment because the evidence did not show that there had been any constitutional violations and because the defendants had acted reasonably in light of the facts presented by this case. The district court thus granted the defendants' motions for summary judgment and dismissed with prejudice Calton's complaint. Calton filed numerous postjudgment motions, all of which were denied.

On appeal, Calton's arguments with regard to his constitutional claims focus solely on whether the district court properly granted summary judgment to Hallman on Calton's claim of deliberate indifference. Accordingly, Calton has abandoned any challenge to the district court's dismissal of any of the other defendants as well as the dismissal of his claims that Hallman failed to train and failed to create or implement a policy protecting inmates from self-harm. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review the grant of a motion for summary judgment de novo. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To establish deliberate indifference, a prisoner must show that the prison official knew of and disregarded an excessive risk to inmate

2

health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prisoner must show both that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that the official actually drew the inference. *Id.* A government official whose conduct does not violate a plaintiff's clearly established constitutional rights is entitled to qualified immunity from liability. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

The competent summary judgment evidence shows the following. When Calton stated that he was suicidal, the correctional officers with whom he had initial contact escorted him directly to the office of Hallman, a psychiatrist. Those correctional officers did not, as required by prison policy, search Calton before bringing him to Hallman's office. They thus did not discover that Calton had secreted a razor on his person. Hallman asked Calton if he had a razor blade on his person, and Calton denied it. After speaking with Calton, Hallman determined that Calton needed to be transferred to a crisis management unit and instructed him to sit in the waiting room outside his office where there were at least 50 to 60 other inmates. Subsequently, while in an adjacent restroom, Calton cut his wrists with the razor blade he had hidden on his person.

The district court concluded that the evidence did not demonstrate a subjective belief by Hallman that, by having Calton sit in the infirmary waiting room after determining that Calton was suicidal, he was placing Calton at substantial risk of serious harm. "Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). The summary judgment evidence here supports the district court's conclusions that Hallman's actions did not rise to this level and that Hallman was entitled to qualified immunity.

Calton challenges the district court's denial of his postjudgment motions in which he sought, inter alia, to submit a medical record that was made several months after his suicide attempt and a portion of Hallman's deposition

testimony that was already part of the record. The district court did not abuse its discretion in denying Calton's postjudgment motions. *See Warfield v. Byron*, 436 F.3d 551, 555 (5th Cir. 2006). Nor did the district court abuse its discretion in refusing to exercise supplemental jurisdiction over state-law claims of negligence that were not alleged in Calton's attorney-drafted amended complaint. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 226 (5th Cir. 1999); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

AFFIRMED.