# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60429
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2016

Lyle W. Cayce
Clerk

IRFANBHAI KASAMBHAI MANASIYA,

Petitioner,

versus

LORETTA LYNCH, U.S. Attorney General,

Respondent.

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A 200 945 023

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Irfanbhai Manasiya, a native and citizen of India, petitions for review of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60429

the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture.  Manasiya sought relief based on religion and political opinion.  We deny the petition.

Although he relies heavily on his own testimony, Manasiya neglects to specify where, in the record, any of that testimony may be found.  Also, he refers to documentary evidence but cites only four pages from a record of more than 400 pages.  His brief therefore consists primarily of factual assertions unsupported by citations to the record, together with various statements of legal principles that the brief does not link to the facts of the case.

Because Manasiya is represented by counsel, his brief is not entitled to liberal construction.  *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). We are not obligated to search the record for the bases for his claims.  *See RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *see also* FED. R. APP. P. 28(a)(8)(A).  The barebones evidence and conclusional assertions offered by Manasiya are not enough to compel a conclusion contrary to the BIA's that he failed to make the requisite showing of a clear nexus between his religion and any mistreatment; that the Indian government is unable or unwilling to protect him; and that he thus suffered past persecution and has a well-founded fear of future persecution and would more likely than not be tortured, if returned to India, on account of his religion.  *See Carbajal-Gonzalez v. INS*, 78 F.3d 194, 196 (5th Cir. 1996).

The petition for review is DENIED.