# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40401
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES ALBERT KNIGHTON,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-129-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

James Albert Knighton challenges his bench-trial conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), asserting the court erred in denying his motion to suppress. He contends officers took his statements without proper *Miranda* warnings and "[t]he search of his home and vehicle was illegal".

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-40401

Pre-trial, Knighton stipulated the following facts, *inter alia*:  federal agents saw him place several large plastic cases inside his vehicle; they searched his vehicle and found three rifles, one revolver, and one shotgun; and he possessed each firearm "in and affecting interstate commerce".  The district court had earlier denied his motions to suppress the firearms on the basis of the search-incident-to-arrest and automobile exceptions to the warrant requirement.  At the bench trial, the district court, based on the stipulated facts, found Knighton guilty of being a felon in possession of a firearm.

Knighton's contentions regarding *Miranda* and consent to search his home are irrelevant.  His stipulation, which was the only evidence introduced at trial, listed only the five firearms found in his vehicle and, therefore, did not include any firearms found in his home.  Accordingly, any contentions implicating the admissibility of firearms seized from his home are moot. *United States v. Lopez-Moreno*, 420 F.3d 420, 435 (5th Cir. 2005) (defendant's challenging introduction of documents not introduced at trial was moot).

Further, Knighton provides nothing in support of his conclusory assertion that "[t]he search of his . . . vehicle was illegal".  His brief contains no reference to the search-incident-to-arrest or automobile exceptions to the warrant requirement.  He has, therefore, abandoned any issue involving the admissibility of the firearms seized from the vehicle.  Fed. R. App. P. 28(a)(8); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

AFFIRMED.