# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2020

Lyle W. Cayce
Clerk

No. 19-11136
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN ESCOBEDO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CR-33-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

In 2014, Jonathan Escobedo pleaded guilty to being a felon in possession of a firearm, and the district court sentenced him to 46 months in prison and three years of supervised release. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). After the district court revoked his supervised release in 2017, Escobedo completed the prison term imposed on revocation and began serving another term of supervised release. In 2019, the Government once more moved to revoke his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11136

supervised release, alleging that Escobedo had violated the mandatory condition that he not commit another federal, state, or local law violation by committing the Texas offense of theft of property valued over $2,500 but less than $30,000. Escobedo appeals the district court's revocation of his supervised release and imposition of the statutory maximum term of 24 months of imprisonment.

In arguing that the district court plainly erred by finding without a jury and by a preponderance of the evidence that Escobedo violated the conditions of his release by failing to comply with drug testing conditions, Escobedo does not address and has therefore abandoned a challenge to the sole basis for the revocation alleged in the Government's motion to revoke and described by the district court at the revocation hearing. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Because the violation of state law to which Escobedo pleaded guilty in state court formed an adequate basis for the discretionary revocation of Escobedo's release under § 3583(e), this court "need not decide a claim of error as to other grounds that had been advanced as a cause of revocation," such as the petition's notation of a drug testing condition violation. *United States v. McCormick*, 54 F.3d 214, 219 & n.3 (5th Cir. 1995) (internal quotation marks and citation omitted). Therefore, in light of the revocation under § 3583(e), Escobedo's arguments regarding § 3583(g) are irrelevant. *See id.*

The judgment of the district court is AFFIRMED.