# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 29, 2020

Lyle W. Cayce
Clerk

No. 19-30144
Summary Calendar

John Youmans,

*Plaintiff—Appellant*,

*versus*

Beauregard (Bud) Torres, III, *Sheriff*; Steve Juge, *Warden*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-847

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

John Youmans was sentenced to one year of imprisonment in the custody of the Louisiana Department of Public Safety and Corrections (DOC) following his April 2016 conviction in Iberville Parish for felony theft.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-30144

He served his sentence at the Pointe Coupee Parish Detention Center (PCDC).

After his release from the PCDC, Youmans, represented by counsel, filed a 42 U.S.C. § 1983 complaint against Beauregard Torres, III, the Sheriff of Pointe Coupee Parish, and Steve Juge, the Warden of the PCDC, alleging that the defendants unlawfully imprisoned him at the PCDC for fifty-two days beyond his release date. He also raised state law negligence claims against the defendants.

The district court concluded that Warden Juge was entitled to qualified immunity and granted the warden's motion for summary judgment on that basis. The district court also granted Sheriff Torres's motion to dismiss Youmans's § 1983 claims pursuant to Federal Rule of Civil Procedure 12(b)(6), and it concluded that Youmans failed to present competent evidence to defeat the defendants' motion for summary judgment as to his state law negligence claims.

Youmans, still represented by counsel, now appeals the dismissal of his § 1983 claims against Torres and the grant of summary judgment.

We find no error with the district court's rulings. Youmans presented no competent summary judgment evidence showing that Warden Juge's actions were objectively unreasonable in light of Youmans's clearly established constitutional right to timely release from jail, assuming that Youmans was in fact being detained beyond the expiration of his sentence. *See Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020), *petition for cert. filed*, (U.S. Oct. 16, 2020) (No. 20-498); *Porter v. Epps*, 659 F.3d 440, 445-48 (5th Cir. 2011). Youmans's recitation of various legal theories upon which a jailer may be liable for unlawful detention is insufficient to negate the warden's defense of qualified immunity. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Thus, the district court did not err by granting summary

judgment in favor of Warden Juge based on qualified immunity. *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

Further, the district court did not err in construing Youmans's complaint as raising only individual capacity claims against Sheriff Torres. The complaint, which was not entitled to liberal construction, explicitly stated that Sheriff Torres was being "sued individually," and Youmans did not amend his complaint despite being directed to do so. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). The district court also did not err in concluding that Youmans's complaint failed to allege sufficient facts showing Sheriff Torres's personal involvement in the alleged constitutional violation and negating the sheriff's defense of qualified immunity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Backe*, 691 F.3d at 648. Thus, the district court did not err by granting Sheriff Torres's motion to dismiss Youmans's § 1983 claims. *See Iqbal*, 556 U.S. at 678.

Finally, because Youmans presented no competent summary judgment evidence establishing that the defendants breached a duty to him or that their conduct was the cause-in-fact of the alleged harm, *see Lazard v. Foti*, 859 So. 2d 656, 659 (La. 2003); *Pitre v. La. Tech Univ.*, 673 So. 2d 585, 589 (La. 1996), the district court did not err by granting summary judgment on the state law negligence claims.

The district court's judgment is AFFIRMED.