# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2022

Lyle W. Cayce
Clerk

No. 20-50056
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RODNEY GLENN GREEN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CR-346-1

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

Rodney Glenn Green appeals his convictions for bank robbery, carrying and brandishing a firearm during each of the robberies, and possession of a firearm by a convicted felon. Green argues that he did not validly waive his Sixth Amendment right to trial counsel.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50056

We review de novo whether a defendant validly waived his Sixth Amendment right to counsel in a criminal trial. *United States v. Mesquiti*, 854 F.3d 267, 271 (5th Cir. 2017). Before permitting a defendant to represent himself, a district court is required to determine whether he has "knowingly and intelligently" decided to forgo counsel and whether his request was clear and unequivocal. *Faretta v. California*, 422 U.S. 806, 835 (1975) (internal quotation marks and citation omitted).

Green has abandoned any argument that his decision to proceed pro se was equivocal by failing to brief it. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a)(8); *see also Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Green's contention that his decision to forgo representation by counsel was not knowing and intelligent because he had an obvious lack of legal knowledge and training is unavailing. The record shows that Green was of at least average intelligence and could understand the district court's explanation of the charges and sentences Green faced, as well as its warnings against self-representation, which were consistent with those we have previously approved. *See Faretta*, 422 U.S. at 835; *Mesquiti*, 854 F.3d at 274-75; *United States v. Davis*, 269 F.3d 514, 518 (5th Cir. 2001).

The district court's judgment is AFFIRMED.