# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2022

Lyle W. Cayce
Clerk

No. 20-20550

Shannon Mark Douthit,

*Plaintiff—Appellant*,

*versus*

Bryan Collier; Robert Herrera; Felipe J. Peralta, Jr.; Mitchell D. Kroll; Sergio Perez,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-cv-1712

Before Graves, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Shannon Mark Douthit, Texas prisoner #453033, sued the executive director of the Texas Department of Criminal Justice (TDCJ), plus a warden, two lieutenants, a sergeant, and a major, all in their official capacities. Construed liberally, Douthit's *pro se* Complaint also included

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20550

claims against the State of Texas and the Correctional Institutions Division of the TDCJ.[1]

Douthit's Complaint states that he is obese and sensitive to heat and that he has an amputated leg. He claims Defendants violated Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.*, in two ways: (1) forcing him to carry his personal belongings during unit-wide "shakedowns" (searches of personal property for contraband); and (2) denying him air-conditioned accommodations as required by a court order issued in *Cole v. Collier*, a separate class action in which Douthit is a class member.[2] Construing Douthit's Complaint liberally, the district court interpreted the Complaint as including claims under 42 U.S.C. § 1983 for unconstitutional retaliation by prison officials in response to Douthit's participation in the class action.

The district court dismissed Douthit's ADA and § 1983 claims pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim and Rule 12(b)(1) for lack of subject-matter jurisdiction. *Douthit v. Texas*, No. 4:19-cv-1712, 2020 WL 5894180, at *8 (S.D. Tex. Oct. 2, 2020). Specifically, the district court said that Douthit failed to state an ADA claim because he did not allege specific facts that would give rise to the reasonable inference that Defendants "intentionally discriminated against him because of any disability." *Id.* at *4. The district court also held that it lacked subject-matter jurisdiction over the ADA claims because "Douthit's ADA claims are barred by state sovereign immunity." *Id.* at *7. As to Douthit's retaliation claims, the district court held that Douthit "has not sufficiently alleged a

---

[1] Douthit listed the State of Texas and the Correctional Institutions Division of the TDCJ in the caption, but not the parties section, of his Complaint.

[2] No. 4:14-cv-1698, 2018 WL 2766028 (S.D. Tex. Jun. 8, 2018).

retaliatory motive by the Defendants, and he has not alleged a chronology of events from which retaliation may be plausibly inferred." *Id.*

We AFFIRM the district court's judgment on Douthit's § 1983 claims because Douthit forfeited any challenge to the district court's ruling on those claims by failing to brief the issue in his opening brief on appeal. *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010). We AFFIRM the dismissal of Douthit's ADA claims related to air-conditioned accommodations. We AFFIRM the dismissal of all ADA claims as to Bryan Collier, Executive Director of the TDCJ, and Robert Herrera, Warden of the Pack Unit 1. As to Douthit's shakedown-related ADA claims against Defendants other than Collier and Herrera, we VACATE the judgment and REMAND for further proceedings.

I

We review dismissals under Rule 12(b)(6) and Rule 12(b)(1) *de novo.* *See Smith v. Hood*, 900 F.3d 180, 184 (5th Cir. 2018). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And we "accept as true the well-pleaded factual allegations in the complaint." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). In assessing subject-matter jurisdiction, a court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (quoting *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)). A *pro se* litigant's pleadings must be construed liberally. *Jennings v. Towers Watson*, 11 F.4th 335, 341 (5th Cir. 2021) (citing *Butler v. Porter*, 999 F.3d 287, 292 (5th Cir. 2021)).

## II

We hold that Douthit's *pro se* Complaint contained sufficient facts to state plausible ADA claims as to all Defendants except TDCJ Executive Director Bryan Collier and Warden Robert Herrera.

While Douthit did not explicitly plead a failure-to-accommodate theory, the circumstances included in his liberally construed complaint best fit into a failure-to-accommodate framework under the ADA. "To succeed on a failure-to-accommodate claim, a plaintiff must prove: (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015). To recover compensatory damages under the ADA, a plaintiff must make a showing of intentional discrimination. *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 574 (5th Cir. 2018). Precedent has not "delineate[d] the precise contours" of this showing, but at bottom, "intent requires that the defendant at least have actual notice." *Id.* a 575.

In his Complaint, Douthit alleges that he has an amputated leg along with the "heat sensitive medical condition" of obesity. He alleges that despite a medical lifting restriction, he was forced on two occasions to carry his personal property, leading him to "injure[] his stump." Douthit claims that, on both occasions, he told prison officials of his disability and medical restrictions, but officials angrily dismissed him and refused to accommodate him.[3] Thus, as to his shakedown-related claims, Douthit has met the three

---

[3] The Complaint alleges that Defendants Perez, Temple, and Kroll were aware that Douthit could not carry his personal property during the security shakedown because of his amputated leg. Although the pleadings do not allege that Defendant Peralta was informed of Douthit's need for accommodation, it is plausible that the need was obvious given Douthit's amputated leg.

elements required for an ADA failure-to-accommodate claim—qualifying disability (obesity and amputated leg), notice (Douthit's statements to Defendants and filed grievances), and failure to provide reasonable accommodation (Defendants' failure to act). *LeBlanc*, 792 F.3d at 596 n.9.

Not all of Douthit's claims survive dismissal, though. His ADA claim for failure to provide air-conditioning alleges that he was left behind when other heat-sensitive members of the *Cole v. Collier* class were transferred to air-conditioned lodgings pursuant to a court order issued in that case. However, Douthit does not allege that any of the Defendants in the current action had actual knowledge that the order from the class action lawsuit applied to him. Therefore, he failed to plead the notice prong of an ADA failure-to-accommodate claim. The claims against Executive Director Collier and Warden Herrera similarly fail. While Douthit pleaded particularized facts as to the actions of all other defendants, he included only one conclusory statement about Collier and Herrera.[4]

## III

The district court alternatively held that sovereign immunity barred Douthit's ADA claims.[5] We hold that Douthit's Complaint contained sufficient facts to state a claim that immunity was abrogated. As a threshold

---

[4] The only line in Douthit's Complaint regarding Collier and Herrera's involvement reads: "Defendants: Bryan Collier and Robert Herrera were deliberately indifferent to Plaintiff's heat sensitive condition: Obesity with BMI over 30."

[5] The parties dispute whether the district court viewed sovereign immunity as an alternative basis for dismissal. Douthit contends that the district court's sovereign-immunity discussion was "confusing[]" and that it failed to discuss his claims against the institutional defendants. Defendants contend that sovereign immunity was indeed an "independent justification for dismissal." While the organization of the district court opinion creates some uncertainty, we view the district court's discussion of sovereign immunity as an alternative justification for dismissal.

matter, Defendants point out that Douthit's counseled brief, which is not entitled to liberal construction, *see Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986), does not discuss the immunity issue. While Defendants are correct, we use our discretion to address sovereign immunity for two reasons: (1) there is no prejudice as Defendants have briefed the issue, and (2) the district court's ruling lacks clarity concerning whether it included an alternative dismissal of Douthit's ADA claims on the basis of immunity. *See United States v. Rodriguez*, 602 F.3d 346, 360–61 (5th Cir. 2010). We thus proceed to address sovereign immunity.

Douthit's ADA claims seek money damages against Defendants in their official capacities. The Eleventh Amendment bars such suits unless the state has waived or Congress has validly abrogated sovereign immunity. *See Edelman v. Jordan,* 415 U.S. 651 (1974) (concluding that the Eleventh Amendment bars claims for money damages against state officials where the state is regarded as the real party in interest and any liability would have to be paid out of public funds); *Pickett v. Tex. Tech Univ. Health Sci. Ctr.*, 37 F.4th 1013, 1025 (5th Cir. 2022) (explaining that ADA claims for money damages against a state are barred unless sovereign immunity has been waived by the state or abrogated by Congress). Here, Texas has not waived sovereign immunity, so the question is whether Congress has validly abrogated.

Title II of the ADA abrogates state sovereign immunity where it prohibits conduct that violates the Fourteenth Amendment or where Congress's abrogation power is "nevertheless valid." *United States v. Georgia*, 546 U.S. 151, 158–59 (2006). "Congress's abrogation power is 'nevertheless valid' where Title II imposes requirements that are 'congruent and proportional' to an identified 'pattern of [unconstitutional] exclusion and discrimination'—even if it sweeps in some conduct that is not itself

unconstitutional." *Pickett*, 37 F.4th 1013, 1026 (alteration in original) (citing *Tennessee v. Lane*, 541 U.S. 509, 531 (2004)).

It thus becomes necessary to evaluate whether the particularized facts that Douthit pleaded state a claim under the Fourteenth Amendment or whether Congress's abrogation power is nevertheless valid. "Because the Eighth Amendment applies to the states through the Fourteenth Amendment, an ADA violation that is also an Eighth Amendment violation actually violates the Fourteenth Amendment." *Valentine v. Collier*, 993 F.3d 270, 281 (5th Cir. 2021). A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993). In a constitutional claim alleging deliberate indifference to the conditions of a prisoner's confinement, the plaintiff must satisfy both the "subjective and objective requirements" of the Eighth Amendment inquiry. *Farmer v. Brennan*, 511 U.S. 825, 846 (1994). To satisfy the objective requirement, the plaintiff must show an "objectively intolerable risk of harm." *Id.* To satisfy the subjective requirement, the plaintiff must show that the defendant: "(1) was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'; (2) subjectively 'dr[e]w the inference' that the risk existed; and (3) disregarded the risk." *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019) (alteration in original) (quoting *Farmer*, 511 U.S. at 837).

We do not decide whether a constitutional violation actually occurred, but only whether the Title II violations that Douthit pleaded in his Complaint are also sufficient to state a claim under the Fourteenth Amendment, thereby abrogating sovereign immunity. Construed liberally, Douthit's pleadings are sufficient to state a claim under the Fourteenth Amendment. The analysis is similar to that of the ADA claim. Douthit pleaded an "objectively intolerable risk of harm"—being forced to carry personal belongings despite serious disabilities and a medical lifting

restriction. *See Farmer*, 511 U.S. at 846. Douthit also alleges that Defendants were aware of the risk but disregarded it. *See id.* at 837. Douthit also claims that despite his formal grievances and statements alerting prison officials to his disabilities and the risks he faced, Defendants did not mitigate the risks. In light of these allegations, Douthit's pleadings plausibly alleged that Defendants' misconduct violated the Fourteenth Amendment.

## IV

To recap:

We AFFIRM the district court's judgment on Douthit's § 1983 claims.

We AFFIRM the dismissal of Douthit's ADA claims related to air-conditioned accommodations.

We AFFIRM the dismissal of all ADA claims as to Bryan Collier, Executive Director of the TDCJ, and Robert Herrera, Warden of the Pack Unit 1.

As to Douthit's shakedown-related ADA claims against Defendants other than Collier and Herrera, we VACATE the judgment and REMAND for further proceedings.