# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 22, 2023

Lyle W. Cayce
Clerk

No. 22-50613
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Armando Tavarez-Palma,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-33-1

———————————————————————

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Jose Armando Tavarez-Palma, a Mexican national, pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326 (his third illegal-reentry conviction), and was sentenced to, *inter alia*, 16-months' imprisonment. For the first time on appeal, Tavarez contends his conviction is invalid because

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the prior removal on which it was based—his April 2003 *in absentia* removal order—was obtained in violation of his due-process rights. He asserts he: was denied his due-process right to be present and heard at the April 2003 removal hearing; and could not have appeared at the hearing because he was in juvenile detention from October 2001 until July 2003.

Tavarez (as he concedes) did not raise his collateral challenge to his prior removal in district court. Therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Tavarez must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

There are multiple conditions an alien must satisfy prior to collaterally challenging a prior removal in a criminal proceeding for illegal reentry. *See* 8 U.S.C. § 1326(d). Our precedent is clear that the alien must show actual prejudice. *E.g.*, *United States v. Ramirez-Cortinas*, 945 F.3d 286, 291 (5th Cir. 2019). To show prejudice under § 1326(d), the alien must show that "there was a reasonable likelihood that but for the errors complained of the defendant *would not have been* [*removed*]". *Id.* at 292 (emphasis in original) (citation omitted). "If despite the [alleged] errors, the proceeding could not have yielded a different result, the deportation is valid for purposes of section 1326." *Id.* (alternation in original) (citation omitted).

For the reasons that follow, Tavarez fails to demonstrate the requisite actual prejudice. As a result, we decline to address the parties' remaining assertions. *E.g.*, *United States v. Mendoza–Mata*, 322 F.3d 829, 832 (5th Cir.

2003) (explaining where alien failed to satisfy "actual prejudice" requirement, the court need not consider other conditions).

In support of his claim that, but for the due-process errors in his removal proceedings, he would not have been removed, Tavarez maintains he was removed based on invalid statutory grounds: he contends he was ordered removed based on his 2001 conviction for a controlled-substance offense under 8 U.S.C. § 1227(a)(2)(B)(i); and, because the case resulted in a juvenile adjudication, it did not comprise a "conviction" subjecting him to removal under that statute.

His assertion is factually frivolous. Tavarez was not removed because of his juvenile conviction; rather, he was charged with removability, and found removable, as an alien who entered the United States without inspection or parole under 8 U.S.C. § 1182(a)(6)(A)(i). Tavarez offers no basis, and points to no record evidence, that would dispute that charge or support a claim for relief from removal. *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (explaining arguments must be briefed to be preserved); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (holding counseled briefs are not entitled to liberal construction of pleadings). He therefore fails to show the requisite clear-or-obvious error for his claim that, but for the complained of due-process violation, he would not have been removed. *E.g.*, *Ramirez-Cortinas*, 945 F.3d at 292–93.

AFFIRMED.