# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-40269
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Nestor Garcia,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-911-1

———————————————————————

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:*

Nestor Garcia received a within-Guidelines 144-months' sentence following his jury-trial conviction for: conspiracy to import 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 963,

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40269

952(a), 960(a)(1), (b)(1), (b)(2); importing 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b)(1), 18 U.S.C. § 2; importing 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b)(2), 18 U.S.C. § 2; conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(B); possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), 18 U.S.C. § 2; and possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), 18 U.S.C. § 2.

Garcia arrived at a port of entry carrying, *inter alia*, a very large box containing smaller boxes of candy. He had travelled in a van in Mexico, transferred to a taxi to take him to the port of entry, and planned to then transfer back to the van past the port of entry. After he was referred for further inspection, packages of the above-described illegal substances were found inside the large box of candy.

He presents four issues: sufficiency of the evidence regarding his knowledge and possession; the notice and admissibility of an agent's testimony; the court's admitting a bilingual audio recording without a certified translation; and the court's commenting about the parties' ability to call a witness. Our court first reviews sufficiency challenges "without reference to the evidentiary issues, for double-jeopardy purposes". *United States v. Robinson*, 87 F.4th 658, 667 n.1 (5th Cir. 2023).

No. 23-40269

At the close of the Government's case, Garcia moved unsuccessfully for judgment of acquittal. (Garcia did not present evidence.) Therefore, review of Garcia's challenge to the sufficiency of evidence proving he had knowledge of the hidden illegal substances is *de novo*. *See id.* at 667. We affirm a "jury verdict if, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict, a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt". *Id.* (citation omitted). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Ortega-Reyna*, 148 F.3d 540, 543 (5th Cir. 1998) (citation omitted), *abrogated on other grounds by United States v. Vargas-Ocampo*, 747 F.3d 299, 302–03 & n.2 (5th Cir. 2014) (*en banc*).

Additional circumstantial evidence is necessary to establish guilty knowledge when, as in this instance, the illegal substances are hidden or concealed. *See United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 361 (5th Cir. 2010) ("When drugs are hidden in a secret compartment, however, guilty knowledge may not be inferred solely from the defendant's control of the [area]".). Garcia's admissions about his plans with the van's driver and attempts to withhold details about the van from investigators weakens the plausibility that the van driver concealed the illegal substances in the box of candy without Garcia's knowledge. Considered together, Garcia's demeanor, inconsistent statements, admissions to several lies, implausible story, and the value of the illegal substances provided a sufficient basis for the jury to find Garcia had the requisite knowledge. *E.g.*, *United States v. Miller*, 146 F.3d 274, 281 (5th Cir. 1998) (concluding cumulative evidence "provided a substantial basis" for jury's finding).

Additionally, in the light of the trial testimony, a reasonable trier of fact could find the laboratory-tested samples were from Garcia's candy box. *See Robinson*, 87 F.4th at 667 (outlining standard). Although Garcia contends the Government failed to prove beyond a reasonable doubt that the samples tested at the lab were the same samples taken from his possession, the Government was required to make only a *prima-facie* showing of authenticity. *E.g.*, *United States v. Sparks*, 2 F.3d 574, 582 (5th Cir. 1993) (outlining standard). His assertions that the seizing officer did not testify or sign the chain-of-custody form until the day after the seizure fails to show a break in the chain of custody. In any event, such a break is relevant only to the weight of the evidence, not to its admissibility. *See id.* Because the Government made a *prima-facie* showing of admissibility, the evidence was properly admitted. *See, e.g.*, *United States v. Jardina*, 747 F.2d 945, 951–52 (5th Cir. 1984).

Next, Garcia raises several challenges to the case agent's testimony. First, we decline to address his contention that the Government was required to designate the agent as an expert because Garcia has not explained how he was prejudiced by the failure to designate. *E.g.*, *United States v. Dailey*, 868 F.3d 322, 328 (5th Cir. 2017) ("[Defendant] has not explained how he was prejudiced by the omission".).

Second, by failing to sufficiently brief the issue, Garcia has abandoned his contention that the agent was not qualified to give expert testimony on micro expressions. *See United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010) (stating inadequately briefed contentions in counseled briefs are waived); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (explaining counseled litigants are not entitled to liberal construction of their pleadings).

Third, concerning Garcia's code-word-testimony contention, the court sustained his objection, accordingly, review is only for plain error. *See*

*United States v. Salinas*, 480 F.3d 750, 755–56 (5th Cir. 2007) (applying plain-error review when court sustained defendant's objections).  Under that standard, Garcia must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.* (citation omitted).  Garcia has not shown the requisite clear-or-obvious error regarding the Government's unsuccessful attempt to solicit code-word testimony.  *See Salinas*, 480 F.3d at 755–56.

Fourth, regarding the agent's testimony explaining the operations of drug-trafficking organizations, "[t]he rule is well-established that an experienced narcotics agent may testify about the significance of certain conduct or methods of operation unique to the drug distribution business, as such testimony often is helpful in assisting the trier of fact understand the evidence."  *United States v. Washington*, 44 F.3d 1271, 1283 (5th Cir. 1995) (footnote omitted).

Fifth, for Garcia's challenge to the testimony that he was being deceptive and not forthcoming, this testimony was "a mere explanation of the expert's analysis of facts which would tend to support a jury finding on the ultimate issue".  *United States v. Speer*, 30 F.3d 605, 610 (5th Cir. 1994).  This testimony was permissible because it was based on the agent's observations of Garcia's behavior, body language, and facial expressions.  *See id.* at 609–10.  Further, the agent's explanation of his personal observations was helpful to the jurors because they heard audio of the interview and could not observe Garcia's body language.  *See United States v. Churchwell*, 807 F.3d 107, 119 (5th Cir. 2015) ("[T]he jurors did not personally view [defendant]'s conduct and behavior during the interview".).

Sixth, his challenging the testimony that he was not genuinely crying, was feigning surprise, was withholding information, and was putting on an act are not preserved; and, therefore, review is only for plain error. *E.g.*, *United States v. Pierre*, 88 F.4th 574, 578 (5th Cir. 2023). Garcia fails to show the requisite clear-or-obvious error. *See id.* (outlining standard).

Garcia next asserts the court abused its discretion by admitting an audio recording of a bilingual interview without a certified translation. Garcia's objection, however, was conditioned on the recording being played in the presence of a court interpreter, and one was provided. Because Garcia effectively received the requested relief, review is only for plain error. *See Salinas*, 480 F.3d at 755–56. Garcia does not show the requisite clear-or-obvious error because our court has not previously held that the translation of foreign-language phrases by a trial witness or court interpreter is not competent trial evidence. *See United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023) ("Arguments that require the extension of existing precedent cannot meet the plain error standard."). Further, Garcia fails to satisfy his burden to produce evidence showing that the translation was erroneous or supporting a different translation. *See United States v. Llinas*, 603 F.2d 506, 509 (5th Cir. 1979) ("If the government's translation was inaccurate, it was [defendant]'s burden to challenge its accuracy by presenting another translation, so that the jury could choose which version to believe."). Further, Garcia's related lack-of-pretrial-notice assertion fails because he does not identify any erroneous translations he could have countered with his own expert or other testimony his trial counsel would have handled differently with more preparation. *See Dailey*, 868 F.3d at 328.

And, Garcia contends the court shifted the burden of proof by improperly commenting on Garcia's failure to call a witness. Review is only for plain error because he did not object in district court. *E.g.*, *United States v. Andrews*, 22 F.3d 1328, 1344 (5th Cir. 1994) (rejecting shifted-burden

contention). Garcia's contention fails because he does not show the requisite clear-or-obvious error in the light of the court's jury instructions. *See id.*

AFFIRMED.