# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2025

Lyle W. Cayce
Clerk

―――――――――

No. 24-60618
Summary Calendar

―――――――――

Ana M. Ortiz Romero; Derick S. Castro Ortiz,

*Petitioners*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

―――――――――――――――――――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 242 692,
A209 242 693

―――――――――――――――――――――――――――

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Ana M. Ortiz Romero and Derick S. Castro Ortiz, natives and citizens of Honduras, petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming an order of an immigration judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners argue that the BIA

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

erred by affirming: (1) the IJ's findings that Petitioners failed to establish persecution based on memberships in particular social groups; (2) the IJ's assertion that Petitioners did not meet the burden for withholding of removal; and (3) the IJ's abdication of his duty to develop the record. Petitioners do not challenge the denial of CAT relief and have therefore forfeited review of that issue. *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022).

The only substantive arguments that Petitioners advance for their first two issues are conclusory paragraphs lodged between several paragraphs of boilerplate caselaw. Those paragraphs contain only two citations to the record. One is to Petitioners' BIA brief, the other is to the government's certification that documents in the administrative record are authentic. Neither substantiate their arguments. Petitioners also do not engage with the boilerplate caselaw that they cite, nor do they include any summary of the IJ's or BIA's decisions.

Petitioners' counseled brief is not entitled to liberal construction. *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Rule 28(a) of the Federal Rules of Appellate Procedure provides that the appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). In addition, this court's local rules require "every assertion in briefs regarding matter in the record to be supported by a reference to the page number of the original record . . . where the matter is found using the record citation form as directed by the Clerk of Court." *Arredondo v. Univ. of Tex. Med. Branch at Galveston*, 950 F.3d 294, 298 (5th Cir. 2020) (cleaned up). "Failure to adhere to these rules usually results in dismissal of the appeal." *Id.*; *see also Schnell v. State Farm Lloyds*, 98 F.4th 150, 161 (5th Cir. 2024) ("A party may forfeit an argument through inadequate briefing in several ways, such as by failing to 'offer any . . . citation

No. 24-60618

to authority' or by failing to 'offer record citations.'" (citation omitted)). Petitioners have forfeited their challenges to the BIA's denial of asylum and withholding of removal.

Petitioners next argue, for the first time, that the IJ had an obligation to develop the record and failed to do so. The Respondent argues that we should not consider this issue because Petitioners failed to exhaust it.

A petitioner "must raise, present, or mention an issue to the BIA" to satisfy 8 U.S.C. § 1252(d)(1)'s exhaustion requirement. *Abubaker Abushagif v. Garland*, 15 F.4th 323, 333 (5th Cir. 2021) (citation omitted). Because Petitioners did not exhaust this issue, we decline to reach it. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 431 (2023) (holding that § 1252(d)(1)'s exhaustion requirement is not jurisdictional).

The petition for review is DENIED.