# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60036
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2023

Lyle W. Cayce
Clerk

Agustin Pahua Sanchez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 222 082

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Agustin Pahua Sanchez, a native and citizen of Mexico, petitions us for review of a decision of the Board of Immigration Appeals upholding his removal and the denial of relief from removal.

Pahua Sanchez's brief does not make entirely clear whether he seeks review of the denial of asylum or the denial of withholding of removal; we

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60036

construe it as seeking review of both.[1]  On petition for review of a Board decision, we review factual findings for substantial evidence and questions of law de novo.  *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).  The substantial-evidence standard applies to review of decisions denying asylum and withholding of removal.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  This standard requires that the Board's conclusion be based on the evidence presented and that its decision be substantially reasonable.  *Id.* Under this standard, reversal is improper unless the evidence compels a contrary conclusion.  *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

We are not compelled to find that Pahua Sanchez has proven a past or future persecution asylum claim.  The past harm he describes, namely, one instance where he and his uncle were extorted, threatened, struck with a gun, and witnessed a kidnapping, is not extreme enough to qualify as persecution. *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015) (holding economic extortion is not persecution); *Tesfamichael v Gonzales*, 469 F.3d 109, 114, 116-17 (5th Cir. 2006) (holding that most threats are not persecution); *see Singh v. Barr*, 818 F. App'x 331, 334 (5th Cir. 2020) (holding minor beatings are not persecution). To the extent Pahua Sanchez argues that his uncle was persecuted, those harms cannot be imputed to him. *Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017).  The unreasonableness of Pahua Sanchez's fear of future persecution is supported by the record as his family has lived safely since his departure and he primarily references general conditions of

---

[1] Although we are mindful that briefs prepared by counsel, like Pahua Sanchez's brief, are not entitled to liberal construction, *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986), the elements required to prove asylum and withholding claims are identical.  *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019).  We analyze both accordingly.

violence. *See Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004). Pahua Sanchez also argues that he was persecuted because of his membership in a particular social group of his family, but without establishing past or future persecution, his asylum and withholding claims fail. So, analysis of the other elements is unnecessary. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). As the record does not support the past or future persecution claims with regards to asylum, withholding of removal necessarily fails. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

We lack jurisdiction to consider Pahua Sanchez's arguments about his Notice to Appear as he did not first present these claims to the Board. *Vazquez v. Sessions*, 885 F.3d 862, 867-69 (5th Cir. 2018).

Accordingly, Pahua Sanchez's petition is DENIED in part and DISMISSED in part.