# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-40320
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 28, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Noemi Silva,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-74-2

———————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Noemi Silva challenges her within-Guidelines 87-months' sentence, imposed following her guilty-plea conviction for conspiracy to harbor illegal aliens unlawfully present in the United States and harboring illegal aliens unlawfully present in the United States for financial gain, in violation of 8 U.S.C. § 1324. Silva contests the district court's application of a 10-level

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

enhancement to her base-offense level under Sentencing Guideline § 2L1.1(b)(7)(D) for the death of an illegal alien who succumbed to hyperthermia after being abandoned in the brush by one of Silva's co-conspirators.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The 10-level increase under Guideline § 2L1.1(b)(7)(D) applies where defendant's relevant conduct is "a but-for cause" of the death at issue. *United States v. Ramos-Delgado*, 763 F.3d 398, 401 (5th Cir. 2014). "[I]n the case of a jointly undertaken criminal activity", defendant's relevant conduct includes "all acts and omissions of others that were . . . (i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity", as long as such acts or omissions "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense". U.S.S.G. § 1B1.3(a)(1)(B).

"A district court's determination of what constitutes relevant conduct . . . is [a factual finding,] reviewed for clear error." *United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999). In that regard, a factual finding is

not clearly erroneous "so long as it is plausible in light of the record as a whole". *Ramos-Delgado*, 763 F.3d at 400 (citation omitted). When making factual findings, a district court may adopt the facts contained in the presentence investigation report (PSR) without further inquiry if defendant does not present rebuttal evidence demonstrating "that the information is materially untrue, inaccurate or unreliable". *United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002) (citation omitted).

In challenging the court's application of the enhancement under Guideline § 2L1.1(b)(7)(D), Silva first contends there is no evidence that she joined the conspiracy by the date of the death at issue. The PSR, however, noted that she began participating in the conspiracy at least as early as the day before the death, and she has failed to show the court clearly erred in adopting this fact. *E.g.*, *Ramos-Delgado*, 763 F.3d at 400 (standard of review); *Carbajal*, 290 F.3d at 287 (PSR is presumed reliable unless defendant offers "competent rebuttal evidence").

Next, Silva asserts there was no evidence connecting her to the smuggling incident that resulted in the illegal alien's death. In the light of the record as a whole, however, it is plausible that she was involved in the coordination of transportation and caretaking of illegal aliens as part of that smuggling incident, and she has not shown the court clearly erred in its finding in this regard. *E.g.*, *Ramos-Delgado*, 763 F.3d at 400. Insofar as Silva contends that her personal conduct was not a "but-for" cause of the death, her assertion ignores the court's finding that the enhancement applied based on her co-conspirators' acts and omissions under the relevant-conduct principles in Guideline § 1B1.3(a)(1)(B), set forth *supra*. *E.g.*, *Ramos-Delgado*, 763 F.3d at 402 ("But-for causation . . . is not a difficult burden to meet.").

No. 24-40320

Finally, Silva has abandoned, by failing to brief, any contention that the district court clearly erred in its relevant-conduct determination. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (failure to brief amounts to waiver); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

AFFIRMED.