# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2025

Lyle W. Cayce
Clerk

No. 25-50032
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Rosario Divins,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-889-1

_____

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Following the revocation of her supervised release, Rosario Divins was sentenced within the guidelines range to a total term of 60 months of imprisonment. She argues that the district court reversibly erred by relying on impermissible retributive factors when imposing sentence. Because Divins did not raise this argument in the district court, our review is limited

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

Divins fails to show any clear or obvious error on the district court's part. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). She does not point to any comment by the district court explicitly referencing the prohibited factors in 18 U.S.C. § 3553(a)(2)(A), and the record reveals none. Instead, a fair reading of the district court's comments demonstrates that it based its sentence on her propensity to commit future crimes, the need for adequate deterrence, and the need to protect the public, proper considerations under § 3553(a) and 18 U.S.C. § 3583(e). *See United States v. Sanchez*, 900 F.3d 678, 684-85 (5th Cir. 2018); 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C); 18 U.S.C. § 3583(e).

Even if we were to assume that the district court erred, Divins must still demonstrate that the error affected her substantial rights by demonstrating a reasonable probability of a lower sentence on remand. *See Puckett*, 556 U.S. at 135; *United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012). She has abandoned by failing to brief any such argument. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

The revocation sentence is therefore AFFIRMED. However, as the parties point out, although the revocation judgment correctly reflects a total sentence of 60 months, it inadvertently omits the consecutive six-month sentence imposed on count seven, which sentence was orally pronounced at the revocation hearing. The case is therefore REMANDED for the limited purpose of correcting this clerical error. FED. R. CRIM. P. 36; *see United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020); *see also United States v. Powell*, 354 F.3d 362, 371-72 (5th Cir. 2003).